J^SHORTESS, J.
Rhonda Courtney Wells (Wells) was injured on March 28, 1995, when the van in which she was a guest passenger struck a trench dug across the driveway of thé Hibernia National Bank on Siegen Lane in Baton Rouge. The trench had been dug as part of a project to widen Siegen Lane. Wells sued, inter alios, Melodie Sutherland, the driver of the van, and her insurer, State Farm Mutual Automobile Insurance Company (defendants). Wells’ husband, William Smith Wells, joined in the suit seeking damages for loss of consortium.
Defendants filed a motion for summary judgment, which the trial court granted. Mr. and Mrs. Wells (plaintiffs) moved for a new trial, which was denied. Plaintiffs appeal.[1]
In their petition, plaintiffs allege Sutherland “was negligent in failing to see what she should have seen, operating her vehicle in a careless manner, failing to act as a reasonable person considering the circumstances, and other acts of negligence to be shown at trial.” But when Wells was deposed, she testified as follows:
Q. Did you see [the trench] as y’all approached it?
A. No, sir, we did not.
[[Image here]]
Q. Why didn’t y’all see it?
A. It was on us before we knew it. We were ... making a left-hand turn in almost noon traffic, and ... there was no way to see it, not when you have to turn across the lane on Siegen Lane. There’s a lot of traffic.
[[Image here]]
Q. So, the trench, when you looked at it, it just kind of blended in with all the other construction?
A. Yes, sir. There were no flags, no nothing.
[[Image here]]
Q. There was no way for Ms. Sutherland to have looked and seen that there was a trench there; is that what you are saying?
[[Image here]]
A. Yes, sir.
Q. From what I’m understanding you’re saying from your viewpoint, Ms. Sutherland didn’t do anything that made her at fault in this accident then?
A. No, sir, I do not think she did.
Q. Okay. She’s free from fault as far as you’re concerned?
A. Yes, sir.
IííQ. ... [A]s we sit here in hindsight ... you don’t see anything that she could have [done] to have avoided this?
A. No, sir, I don’t.
[[Image here]]
Q. ... [Y]ou are not of the opinion that Ms. Sutherland operated her vehicle in a careless manner?
A. No, sir, I’m not.
The trial court granted summary judgment based on this testimony. Plaintiffs contend Wells’ testimony was merely her opinion and was not competent evidence. Wells, however, testified to certain facts, i.e., that there was a great deal of traffic, that the trench blended in with the other construction, that there were no flags or warning devices, and that she herself did not see the trench.
Plaintiffs have the burden of proving at trial that Sutherland was negligent. Thus, under Louisiana Code of Civil Procedure article 966(C)(2), defendants were required to show only that there was an absence of factual support for that element of plaintiffs’ claim. Plaintiffs then had to establish they would be able to satisfy their evidentiary burden of proof at trial.
Plaintiffs filed no opposition to defendants’ motion. Wells’ affidavit, which appears in the record, states drivers were afforded no warning of the existence of the *294 trench. On appeal, plaintiffs point to photocopies of photographs of the trench that were attached to excerpts of Wells’ deposition. Plaintiffs contend those photographs show the trench and piles of dirt Sutherland should have seen. There is nothing in the record, however, authenticating or explaining those photographs. Consequently, they have no probative value.
Defendants showed an absence of factual support for plaintiffs’ claim that Sutherland was negligent. Plaintiffs have failed to establish they would be able to satisfy their evidentiary burden at trial. The trial court thus correctly granted summary judgment. We affirm the judgment of the trial court at plaintiffs’ cost.[2]
AFFIRMED.

. Pursuant to Louisiana Code of Civil Procedure article 1915, the trial court certified that the judgments granting the motion for summary judgment and denying the motion for new trial were appealable.

. We note the trial court signed two orders of appeal of the motion for summary judgment granted in favor of Hibernia Corporation on December 4, 1997, which dismissed it from plaintiffs’ suit. The brief filed in this court under this appeal number, however, addresses only the issue of Sutherland's negligence. Thus, the appeal must be considered abandoned for failure to brief the issue of Hibernia’s dismissal from the suit. Uniform Rules, Courts of Appeal, Rule 2-12.4.